IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| J.B., by and through his next friends, ) | |
| KEVIN and LAURIE BAILEY, ) | |
| ) | |
| and ) | |
| ) | |
| KEVIN BAILEY and LAURIE BAILEY, ) | |
| individually, ) | |
| ) | Case No. 09-05099-CV-SW-SWH |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AVILLA R-XIII SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before this Court is Avilla R-XIII School District's (hereafter "Avilla") Motion for Award of Expenses.[1] (Doc. #49) Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Avilla seeks reimbursement in the total amount of $2,766.75 for time spent in obtaining responses to its discovery requests. The factual basis for defendant's motion does not appear to be in dispute.

Avilla served plaintiffs with its First Set of Interrogatories and First Request for Production of Documents on June 16, 2010. (Doc. #49-1) Plaintiffs had 30 days in which to respond to these requests. See Fed. R. Civ. P. 33(b)(2) and 34(b)(2). In mid-August, Avilla sent a letter to plaintiffs

---

[1] The Court granted defendant's motion for summary judgment (doc. #83) and that ruling has been appealed to the Eighth Circuit Court of Appeals (doc. #86). While the general rule is that the filing of a timely notice of appeal has the effect of immediately transferring jurisdiction to the court of appeals, the district court retains jurisdiction over collateral matters not involved in the appeal. Defendant's motion for discovery sanctions involves collateral matters and, thus, may be determined by this Court even while the appeal is pending. See Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998); Fieldturf, Inc. v. Southwest Recreational Indus., Inc., 212 F.R.D. 341, 343-45 (E.D. Ky. 2003). See e.g. Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998).

noting their failure to respond. (Doc. #49-2) The attorneys for the parties conferred on October 27, 2010, at which time the attorney for plaintiffs indicated that he would respond to the requests by the end of November. (Doc. #49-3) Plaintiffs failed to meet that deadline, and on February 23, 2011, Avilla sent a letter requesting that plaintiffs respond to the interrogatories and requests for production of documents by March 2, 2011. (Doc. #49-4) Plaintiffs also failed to meet that deadline.

At a hearing to discuss the discovery dispute held on March 9, 2011, the attorney for Avilla informed the Court that he had received responses to the interrogatories on March 8, 2011. (Transcript of March 9, 2011 hearing (doc. #39) at 4) However, Avilla maintained that some of the answers were not responsive, or objections were interposed. Defense counsel maintained any objections were untimely and had been waived. (Doc. #39 at 4) As of the March 9 hearing, plaintiffs had still failed to make any response to the requests for production of documents. (Doc. #39 at 7)

During the March 9 hearing, defense counsel outlined the steps he had taken to try and obtain discovery from plaintiffs and asked that he be allowed to file a formal motion to compel. (Doc. #39 at 4) The Court found that defense counsel was at a point where if he wanted to file something in writing, he could. (Doc. #39 at 6) However, given the lengthy delays in the discovery process, the Court suggested that it could expedite a ruling on the oral motion to compel by having a telephone conference with the parties to discuss each discovery request to which an objection or non-responsive answer had been filed. (Doc. #39 at 6) This conference was held on March 24, 2011, and resulted in the Court directing J.B. to provide a more specific answer to Interrogatory No. 4 and J.B.'s parents to respond to Interrogatory Nos. 9, 11 and 14 through 24. (Doc. #38 at 45, 47-48)

2

Avilla has requested sanctions under Fed. R. Civ. P. 37(a)(5)(A). However, the failure to make **any** response to interrogatories and requests for production of documents is governed by Fed. R. Civ. P. 37(d).[2] Rule 37(a) is primarily intended to deal with the failure to answer specific interrogatories or the failure to produce specific documents. It appears that both provisions of Rule 37 are at issue here because plaintiffs did not make any response to the discovery requests until eight months after the deadline provided for in the rules and then many of their interrogatory answers were incomplete and non-responsive.

In the instant action, the attorney for plaintiffs attributes the failure to answer and the failure to produce documents initially to his belief that opposing counsel had agreed to delay or suspend discovery pending mediation and later to his and his wife's medical problems. (Doc. #50 at 1-3) Despite these explanations, the Court concludes that the lengthy delay in responding was not substantially justified. Counsel for plaintiffs knew by mid-August that defense counsel would not delay discovery until after the mediation and, in fact, wanted discovery responses before mediation. (Doc. #50 at 2)

Counsel's surgery was not scheduled until December, and in October he agreed to respond to the discovery by the end of November, some four months after its initial due date. Mr. Altman, counsel for plaintiffs, cites a number of factors that prevented him "from actively practicing law during this period." (Doc. #50 at 3) While the Court recognizes that Mr. Altman had serious medical issues during the time that discovery was ongoing, he also had co-counsel, Mr. Sherman, whom he could have asked to assist in responding to the discovery requests.

---

[2]Fed. R. Civ. P. 37(d) allows a party to move for sanctions without first moving to compel if the opposing party "fails to serve its answers, objections, or written response" to interrogatories or requests for production of documents.

3

Counsel for plaintiffs also opposes defendant's request for sanctions for the reason that plaintiffs' discovery responses were received by defendant prior to the close of discovery. (Doc. #50 at 3-4) This argument overlooks the added time and expense to defendant caused by plaintiffs' failure to timely respond. In addition, to the extent defense counsel wanted answers to initial discovery before taking depositions, retaining experts or conducting other discovery, it did affect the manner in which pretrial discovery was conducted.

If a motion to compel discovery is granted under Fed. R. Civ. P. 37(a), then the Court "must" require the party or attorney to pay the reasonable expenses in making the motion, including attorney's fees, unless the opposing party's nondisclosure, response, or objection was "substantially justified." Fed. R. Civ. P. 37(d)(3) allows the Court to impose various sanctions against the nonresponsive party including, among other sanctions, the dismissal of the action. Additionally, Rule 37(d)(3) states that:

> Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added)

The Court finds that the imposition of attorney's fees for plaintiffs' failure to timely answer interrogatories and produce documents is appropriate under Fed. R. Civ. P. 37(a)(5)(A)[3] and (d)(3) as the initial failures to respond and the subsequent inadequate responses were not substantially

---

[3]The Court believes that defense counsel's statements at the March 9, 2011, hearing constitute an oral motion to compel. Defense counsel's explanation of his efforts to obtain discovery during the March 9 hearing constitute the certification required by Fed. R. Civ. P. 37(a)(1) that he had conferred in good faith with opposing counsel in an effort to obtain discovery without court action.

4

justified.

Counsel for Avilla has submitted an affidavit and supporting documents outlining the time spent obtaining discovery responses. (See doc. #49-5) In total, Avilla asserts that its attorneys expended 16.25 hours trying to obtain discovery in this case and, thus, the motion requests an award in the amount of $2,766.75. (Doc. #49-5 at ¶¶ 6-8) This request includes attorney's fees for time spent pursuing the motion for expenses. The Eighth Circuit has found that an award of fees for time spent pursuing sanctions under Fed. R. Civ. P. 37(d) is not appropriate. See Ranger Transp., Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1188 (8th Cir. 1990). Therefore, this Court concludes that defendant is not entitled to time spent preparing the motion for expenses. While defendant suggests that only two hours was spent on this motion, a review of the records indicates that in addition to the two hours mentioned by Mr. Trakas at ¶ 7 of his affidavit, a portion of the 14.25 hours of attorney time set forth in Exhibit E (doc. #49-5 at 33-34) was also attributable to work on this motion.[4] Therefore, the Court will reduce the requested attorney fee award by $656.50.

Due to the repeated failure to timely provide discovery, which failure was not substantially justified, this Court awards attorney's fees in the amount of $ 2,110.25 to Avilla. While there is some suggestion in the transcript that plaintiffs were not always the most responsive clients, Mr. Altman admitted that a large part of the delay was attributable to him.[5] (Doc. #39 at 4)

---

[4]Specifically, time shown on doc. #49-5 at 34 on May 16 and 20 and June 8 and 24, 2011, totaling 1.7 hours appears to involve work on the motion for expenses and should be added to the two hours that defense counsel indicated in his affidavit he spent on the expense motion. This would reduce the attorney's fees requested by $656.50.

[5]Mr. Altman stated in his pleading that he was not actively practicing law during the time that he failed to produce discovery to defendant. Thus, even if plaintiffs had not been responsive to a request for information, it is unclear whether counsel representing plaintiffs ever followed up with them in an effort to obtain the information necessary to respond to the discovery

5

Accordingly, plaintiffs' counsel is ordered to pay the attorney fee award.  Therefore, it is

ORDERED that Defendant Avilla R-XIII School District's Motion for Award of Expenses (doc. #49) is granted, and defendant is awarded attorney's fees of $2,110.25 to be assessed against plaintiffs' counsel.

/s/ *Sarah W. Hays*<br>
SARAH W. HAYS<br>
UNITED STATES MAGISTRATE JUDGE

---

requests.